IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED LODGED
SEP 25 2007
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

DAVID TOBEY

v.

UNITED STATES OF AMERICA

: Civil Action No. DKC 2004-1168
Criminal Case No. DKC 2003-0151

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Petitioner, David Tobey, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Paper 14). Petitioner has also filed a motion for leave to amend his § 2255 motion (paper 22).[1] For the reasons that follow, the court shall deny Petitioner's § 2255 motion petition and the motion for leave to amend.

**I. Background**

**A. No Evidentiary Hearing Required**

In deciding a § 2255 motion, the court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Petitioner must have more than mere allegations to create factual disputes with the sworn testimony he offered in

[1] Mr. Tobey has also filed several motions seeking copies of documents (papers 13, 21 and 25) and return of property (paper 12). The clerk appropriately responded to the copy requests. The motion for return of property recites that Petitioner was dealing with the law enforcement agencies at that time. The motion was sent to the Government and nothing more has been heard about the issue. The court assumes that the motion is now moot. Finally, the motion to expedite this court's final decision will be denied. (Paper 24).

C/M 9/25/07 scat

his plea proceeding because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The court has thoroughly reviewed the record in this case, and finds that a hearing is not necessary to address Petitioner's § 2255 motion.

**B. Claims**

On February 14, 2003, Petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). The parties signed a written plea agreement on March 21, 2003. On May 12, 2003, pursuant to that agreement, Tobey pleaded guilty to count one of a criminal information charging him with unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A). That charge carried a maximum of five years imprisonment pursuant to § 924(a)(1).[2] The felon in possession charge was dropped. Petitioner was sentenced to 60 months imprisonment and to three years of supervised release.

---

[2] The Government argues that a conviction for the original Felon in Possession charge "would have likely led to a statutory minimum sentence of 15 years imprisonment pursuant to 18 U.S.C. § 924(e)(1)" based on Petitioner's previous criminal history. While it is not entirely clear that this is true, had he been convicted of the original charge, Petitioner would have been subject to a term of imprisonment of up to ten years under § 924(a)(2), regardless of his criminal history.

During Petitioner's plea colloquy, the court thoroughly reviewed the plea agreement with Petitioner. In particular, the court reviewed the elements that the government would have to prove to obtain a conviction at trial, including that the defendant "engaged in the business of dealing in firearms" and that the defendant "acted willfully." (Paper 23, Ex. B, at 9). The Government read the statement of facts, including that Petitioner sold five rifles on January 21, 2003; that he admitted to selling another five weapons on February 11, 2003; and that an additional nine rifles and one shotgun were seized during a consent search of his storage bin. (*Id.* at 10-11). The statement of facts also specified that the defendant "admitted that he knew he was not allowed to possess any type of firearm due to his being on parole and his prior felony convictions." (*Id.* at 11). Petitioner agreed that all facts read out loud by the Government were true, and that he was in fact guilty of the offense set forth in the information. (*Id.* at 11-13). During the colloquy, Petitioner also indicated that he understood the plea agreement, including the waiver of appeal rights other than the right to appeal if the court departed from the sentence guideline range or exceeded the statutory maximum sentence. (*Id.* at 14-15). He was sentenced on May 13, 2003. Petitioner did not appeal his conviction or sentence.

Petitioner filed the pending motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255 on April 14, 2004.

(Paper 14). In that motion, Petitioner raises the following four claims: 1) that the conduct underlying his conviction was not illegal because he was merely "liquidating a personal firearms collection"; 2) that the rifles he sold were antiques and as such were not proper subject for § 922;[3] 3) that the statute of limitations on the charge against him had tolled because he purchased the firearms in question more than ten years prior to his conviction; and 4) that he lacked the requisite *mens rea* to be convicted of the charged offense.

The first two claims contest whether Petitioner was actually guilty of unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A), the count to which he pleaded guilty. First, Petitioner argues that he merely liquidated a personal firearms collection, which, according to 18 U.S.C. §§ 921(21)(c) and (22), is not illegal. (Paper 14, at 4). Next, Petitioner argues that the majority of his weapons qualified as antiques under 18 U.S.C. § 921(16)(a) & (b)(ii), and thus cannot properly be classified as firearms under 18 U.S.C. § 921(a)(3). (Paper 14, at 5).

Petitioner's third argument is that, at the time of his indictment, the statute of limitations had lapsed as to the original charge of being a felon in possession of a firearm, because the "act" of possession (which Petitioner equates with the

---

[3] Specifically, Petitioner claims that an "'antique firearms expert' [was] not available" to him. (Paper 14, at 5).

act of obtaining a firearm) occurred in 1993. (*Id.*) Finally, Petitioner argued that he lacked the criminal intent or *mens rea* required for conviction under 18 U.S.C. § 922(a)(1)(A), which requires that a defendant to have acted willfully. (*Id.*)

On April 23, 2004, this court entered an Order directing the United States to show cause why the motion to vacate should not be granted. (Paper 15). The Government's response date was extended twice; once to August 21, 2004, and again to November 19, 2004. (Papers 17 and 20). In the interim, on October 29, 2004, Petitioner filed a motion for leave to amend his original § 2255 motion. (Paper 22). In his motion for leave to amend, Petitioner complained of ineffective assistance of counsel, alleging that his counsel failed to "fully investigat[e] all allegations and violations of law against [Petitioner]."[4] (Paper 22, at 3).

The Government filed its response in opposition to Petitioner's § 2255 motion on November 5, 2004. In that document, the Government argued that Petitioner could not collaterally attack his plea because "[Petitioner's] arguments do not amount to constitutional challenges to the validity of his guilty plea." (Paper 23, at 4). The Government further contested Petitioner's allegations, arguing that, even if he were able to collaterally

---

[4] Petitioner also alleged that the U.S. Attorney's office provided him with ineffective assistance of counsel. Because the Sixth Amendment right invoked in an ineffective assistance claim focuses on competent representation by one's own counsel, this argument is misplaced. (Paper 22, at 3).

attack his plea, his first two arguments were not appropriately raised in a § 2255 motion because they represented factual questions that Petitioner could have raised if he went to trial. However, when Petitioner pleaded guilty, he waived his right to trial and thus his right to raise potential factual defenses. (*Id.* at 6). Next, the Government argued that Petitioner's argument regarding the statute of limitations was inapplicable to his case because it applied to the felon in possession charge, of which he was not convicted. Moreover, the Government argued that Petitioner's argument on this point was also legally erroneous. (*Id.* at 7). Finally, the Government asserted that Petitioner's allegation regarding his *mens rea* directly contradicted his statements during the plea colloquy, and that such a "bare contradiction" could not provide a basis for collaterally attacking his sentence under § 2255. (*Id.* at 8-9).

**III. Standard of Review**

Title 28 U.S.C. § 2255 requires a Petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." On the other hand, "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does

not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citations omitted). While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255. Furthermore, only issues that have not been waived may be raised:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

*Mikalajunas*, 186 F.3d at 492-93.

**IV. Analysis**

A conviction and sentence based on a guilty plea can only be collaterally attacked on relatively narrow grounds, including that the plea was not voluntary, that the Petitioner received ineffective assistance of counsel, or that the court clearly lacked authority to impose the sentence.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.

*United States v. Broce,* 488 U.S. 563, 569 (1989).

The arguments asserted by Petitioner's § 2255 motion do not fall within these categories, and, as a result, Petitioner's guilty plea prevents him from using these arguments to challenge his conviction or sentence. In his first two arguments, Petitioner asserts factual allegations that question whether he was actually guilty of the offense to which he pleaded. Namely, he argues that (1) he was merely "liquidating a personal firearms collection," and (2) the "majority" of the seized weapons may have been antiques. Such factual allegations might have been raised if Petitioner had

not waived his right to trial by pleading guilty, but are not proper grounds for challenging his sentence under § 2255. The fact that Petitioner believes he has grounds that might have undermined the charges against him had he gone to trial is insufficient to render Petitioner's plea involuntary.

Next Petitioner argues that he could not properly be convicted of a firearms offense because he did not obtain the weapons in question during the prior five year period and accordingly such a charge would be barred by the statute of limitations. Petitioner's argument fails on two grounds. First, Petitioner appears to believe that the statue of limitations begins to run on the date of acquisition of a firearm. However, the statute of limitations does not run from the time of purchase, but rather "[t]he offense continues to be committed as long as the felon continues to be in possession." *United States v. Dillard*, 214 F.3d 88, 94, n.5 (2d Cir. 2000). Second, although Petitioner was initially charged with both felon-in-possession in violation of 18 U.S.C. § 922(g)(1) and unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A), the felon-in-possession charge was dropped when Petitioner pled to unlicensed dealing in firearms. Accordingly, even if Petitioner's argument that his obtaining the weapons more than five years prior to being charged was a valid defense, it would be irrelevant to his underlying conviction because he was not

convicted as a felon in possession, but rather for unlicensed dealing. Thus, Petitioner's statute of limitations argument fails.

Finally, Petitioner asserts that he lacked the requisite *mens rea* for his unlicensed dealing conviction. However, Petitioner's plea agreement of March 2003 expressly acknowledges that Petitioner "acted willfully." (Paper 23, Ex. A ¶ 2). Because "the truth and accuracy of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so[,]" and because Petitioner has not offered more than his bare contradiction of the statements made in connection with his plea, Petitioner's fourth argument fails. *Crawford v. United States*, 519 F.2d 347, 349 (4th Cir. 1975), *overruled on other grounds*, *United States v. Whitley*, 759 F.2d 327 (4th Cir. 1985).

**V. Request to Amend**

In a filing six months after he filed the original petition, Petitioner stated that he is "finding more grounds and supporting facts," including ineffectiveness of counsel. The Government did not respond to this filing.

A motion under § 2255 must be brought within one year of the date that the conviction becomes final upon the expiration of any direct appeals or the time to file such appeals. *See* 28 U.S.C. § 2255 ¶ 6; *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (citing

*Kapral v. United States*, 166 F.3d 565, 575 (3rd Cir. 1999). Fed.R.Civ.P. 15(c)(2) applies in this context, *see United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000), and provides that an amendment filed after the limitations period relates back to an original timely motion only if the two claims "arose out of the [same] conduct, transaction, or occurrence." "An amended habeas petition[] . . . does not relate back (and thereby escape AEDPA's [the Antiterrorism and Effective Death Penalty Act of 1996's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also Pittman*, 209 F.3d at 318 (holding that amendment to § 2255 motion does not relate back if it arises "from separate occurrences of 'both time and type'" (citing *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999))).

The proposed amendment was filed after the one year statute of limitations for filing a petition and the proposed amended claim would not relate back because it does not arise from any of the facts alleged in the original petition. In any event, the claim is entirely conclusory and provides no ground for relief. The motion for leave to amend will be denied as futile.

## VI. CONCLUSION

For the foregoing reasons, Petitioner's motion under § 2255 to vacate, set aside, or correct his sentence is DENIED. The motion for leave to amend will be denied as futile and the motions for copy work, for return of property, and to expedite will be denied as moot. A separate Order will be entered.

DEBORAH K. CHASANOW
United States District Judge